UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:
    Lee Waddell a/k/a Lee Charles Waddell,
                Debtor.           Case No. 12-12411 (Chapter 7)

Adam Conway,                          Adversary No. 12-90088-1
                Plaintiff,

v.

Lee Waddell a/k/a Lee Charles Waddell,
                Defendant.

## AFFIDAVIT OF CONOR E. BROWNELL, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Conor E. Brownell, Esq., being duly sworn, deposes and says:

1. That I am an attorney licensed to practice law in the State of New York and admitted to the Northern District of New York and a partner at the law firm of Ganz Wolkenbreit & Siegfeld LLP, attorneys for Plaintiff. As such, I am familiar with the facts set forth herein and I make this affidavit in support of Plaintiff's motion for summary judgment under 11 USC 523.

### PROCEDURAL POSTURE

2. This adversary proceeding was commenced on December 13, 2012, by the filing of the Complaint attached hereto as **Exhibit 1**. The Complaint set forth causes of action to avoid the discharge of Plaintiff's judgment under sub-sections of 11 USC 523 and 11 USC 727.

3. That on or about January 11, 2013, Defendant filed an Answer to the Complaint

and raised one affirmative defense. A copy of the Answer is attached hereto as **Exhibit 2**.

4. That, to date, no discovery has been requested by either party, and no questions of fact exist which would prevent summary judgment in favor of Plaintiff. Your deponent sent a proposed Statement of Material Facts to Defendant's counsel to inquire about stipulating to certain of the facts, but did not receive a response.

## BACKGROUND

5. Plaintiff, owner and operator of Conway Entertainment, a Disc Jockey business located in Latham, New York that does business throughout the Northeast, and Defendant executed a Restrictive Covenant agreement in August 2005 in connection with the sale of a DJ business from Defendant to Plaintiff. The covenant specifically prevented the Defendant from performing any DJ services within a 100 mile radius for a period of eight (8) years. A copy of the Restrictive Covenant is attached hereto as **Exhibit 3**.

6. Shortly after execution of the agreement, the Defendant unlawfully began performing DJ services without Plaintiff's consent.

7. On or about November 2007, Plaintiff commenced a lawsuit in the Albany County Supreme Court against the Defendant seeking to enjoin Defendant's unlawful conduct, and to otherwise enforce the terms of the restrictive covenant. As part of commencement of the action, Plaintiff moved for an Order to Show cause preliminarily restraining Defendant from violating the Restrictive Covenant.

8. By Decision and Order of the Honorable Richard M. Platkin dated December 13, 2007, the Court awarded Plaintiff its requested relief and temporarily restrained Defendant from performing as a DJ during the pendency of the action. A copy of this decision is attached hereto as **Exhibit 4**.

9. On or about December 23, 2008, Plaintiff moved by Order to Show cause for an Order of Contempt against Defendant based on evidence that Plaintiff had gathered proving Defendant, on multiple occasions, performed DJ services in violation of the Temporary Injunction. Copies of the papers Plaintiff submitted in support of the motion are attached hereto as **Exhibit 5**. On or about April 22, 2009, Judge Platkin issued a Decision granting Plaintiff's motion and finding Defendant in contempt for eight separate violations of the Court's December 13, 2007 Preliminary Injunction. A copy of this Decision is attached hereto as **Exhibit 6**.

10. Following this decision, the parties engaged in several months of settlement discussions and finally reached an agreement on December 3, 2009 which, among other things, imposed a permanent injunction on Defendant with regards to any violations of the Restrictive Covenant until the Restrictive Covenant expired by its terms in August 2013. This permanent injunction agreement (hereinafter referred to as the Injunction or Injunction Agreement) was So Ordered by the Honorable Richard M. Platkin. A copy of the Injunction Agreement is attached hereto as **Exhibit 7**.

11. Despite the agreement, on two separate occasions following execution of the Injunction, once in September 2010 and again in June 2012, Plaintiff discovered evidence that Defendant had been DJ'ing in violation of the Injunction and moved for civil and/or criminal contempt against Defendant based on those willful violations.

12. With respect to the September 2010 motion, Defendant failed to file any affidavit in opposition to the motion or otherwise deny the facts regarding the violation of the Injunction alleged in Plaintiff's motion papers. A copy of Plaintiff's motion papers are attached hereto as **Exhibit 8**.

13. On or about January 6, 2011, the parties, including your deponent and Defendant

represented by counsel Jennifer Sober, Esq., appeared before the Court for purposes of a hearing. Prior to taking any testimony, the parties agreed to resolve the pending motion, with such resolution including an admission by Defendant, under oath and before Judge Platkin, that he knowingly and intentionally committed the act of contempt by performing as a DJ in a wedding in July 2010. A copy of the Order rendered by Judge Platkin upon the parties agreement is attached hereto as **Exhibit 9**.

14. Approximately 18 months later, on June 25, 2012, Plaintiff filed yet another contempt motion against Defendant based on yet further evidence that, subsequent to January 2011 finding of contempt, Defendant had been performing DJ services in violation of the Injunction. A copy of those motion papers are attached hereto as **Exhibit 10**.

15. Once again, Defendant, after being served with the motion papers, failed to file any affidavits in opposition to the motion or otherwise claim that the factual allegations made in Plaintiff's motion papers were untrue.

16. As a result, on or about September 4, 2012, Judge Platkin rendered a decision which found that the Defendant willfully violated the terms of the Injunction, that the Defendant "prejudiced the rights of [Plaintiff] as purchaser of Defendant's business," and having sustained both counts of contempt, fined the Defendant in the amount of $15,000.00, which fine was made payable to Plaintiff. A copy of this decision is attached hereto as **Exhibit 11**.

17. A copy of the decision was served upon Defendant by my office with notice of entry on September 11, 2012. A copy of the mailing is attached hereto as **Exhibit 12**. Defendant has not filed a Notice of Appeal.

## THE DEBTOR'S BANKRUPTCY FILING

18. On September 14, 2012, Defendant filed a voluntary Petition for relief under

Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of New York. At that time, the Defendant filed his bankruptcy schedules and Statement of Financial Affairs with the Bankruptcy Court.

19. In connection with his Petition, Defendant filed various schedules of assets and liabilities, including a Schedule of Creditors Holding Unsecured Claims.

20. The Schedule of Creditors Holding Unsecured Claims (Schedule F) includes Plaintiff as a creditor having an unsecured claim in the amount of $15,000.00 - the same amount as the Contempt Award.

21. The Debtor lists the debt to Plaintiff as "Civil Contempt Fine."

22. As of the date hereof, Plaintiff has collected $0.00 towards this Contempt Award.

23. As of the date hereof, Plaintiff is owed $15,000.00.

## **THE CONTEMPT JUDGMENT AWARDED TO PLAINTIFF IS NOT DISCHARGEABLE BASED ON 11 USC 523**

24. Section 523 (a) (6) of the Bankruptcy Code provides that "[a] discharge under section 727 . . . does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity ..." 11 USC 523 (a)(6).

25. In the instant case, the proof is clear from Defendant's repeated contemptuous acts in performing DJ services with knowledge of the Injunction, that Defendant acted willfully, maliciously, and without just cause in violating the Injunction.

26. As set forth in the motion papers, on each occasion, including the most recent set of facts set forth in the June 2012 contempt motion (Exhibits 10 and 11), said conduct was deliberate, intentional and unjustifiable and caused irreparable harm to Plaintiff's business and led to the Court's imposition of a $15,000.00 fine in order to penalize Defendant for his

contemptuous behavior (see Exhibit 11).

27. Based on the foregoing, the Debt incurred as a result of the willful and malicious injury caused by Defendant is not dischargeable.

_____
Conor E. Brownell

Sworn to before me this 29
day of March 2013
_____
Notary Public

JENNIFER S. FRENCH
Notary Public, State of New York
No. 01FR6215676
Qualified in Albany County
Commission Expires Jan. 4, 2014