UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In Re:

    Lee Waddell a/k/a Lee Charles Waddell,    Case No. 12-12411 (Chapter 7)

    Debtor

---

Adam Conway,

    Plaintiff,

    -against-    Ad. Pro. No. 12-90088-1

Lee Waddell a/k/a Lee Charles Waddell,

    Defendant.

---

## RESPONSE TO PLAINTIFF ADAM CONWAY'S STATEMENT OF UNCONTESTED MATERIAL FACTS

Pursuant to Rule 7056-1(c) of the Local Rules for the United States Bankruptcy Court for the Northern District of New York, Defendant Lee Waddell ("Waddell"), by his counsel, Tully Rinckey, PLLC, respectfully submits the following objections and responses to the Statement of Uncontested Facts in Support of Plaintiff Adam Conway's Motion for Summary Judgment ("Plaintiff's Rule 7056-1 Statement").

## GENERAL OBJECTIONS

Waddell's specific responses to Plaintiff's Rule 7056-1 Statement are subject to the following general objections:

    1.    The Plaintiff's Rule 7056-1 Statement contains statements that are unsupported by the evidence cited.

2.     The Plaintiff's Rule 7056-1 Statement contains statements that are immaterial and not relevant to Plaintiffs motion for summary judgment.

3.     The Plaintiff's Rule 7056-1 Statement contains statements that are argumentative.

## SPECIFIC OBJECTIONS AND RESPONSES

**Statement No. 1**:     Lee Waddell a/k/a Lee Charles Waddell ("Defendant" or "Debtor") filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code on September 14, 2012 with the United States Bankruptcy Court for the Northern District of New York.

**Response No. 1**:     Undisputed.

**Statement No. 2**:     Adam Conway ("Conway" or "Plaintiff") is a natural person with a place of business in Latham, New York. Conway owns and operates a Disc Jockey business which serves clients at weddings, bar/bat mitzvah's, parties, etc., throughout the Northeast.

**Response No. 2**:     Undisputed.

**Statement No. 3**:     On or about December 13, 2012, Conway filed an Adversary Complaint to Determine Dischargeability of Debtor under 11 USC 523 and 11 USC 727.

**Response No. 3**:     Undisputed.

**Statement No. 4**:     On or about January 11, 2013, the Debtor filed his Answer to the Adversary Complaint.

**Response No. 4**:     Undisputed.

**Statement No. 5**: Plaintiff and Defendant executed a Restrictive Covenant agreement in August 2005 in connection with the sale of a DJ business from Defendant to Plaintiff.

**Response No. 5**:     Undisputed.

**Statement No. 6**:     Pursuant to that Restrictive Covenant, Defendant was prevented from performing any DJ services within a 100 mile radius of Albany, New York for a period of eight (8) years.

**Response No. 6**:     Disputed in Part. Waddell concedes that he was prohibited from engaging in certain activities for a period of eight years from the date of the signing of the restrictive agreement. However, this agreement is far from a model of clarity, (*See*

Plaintiff's Exhibit (Ex.) "3"), and there was confusion as to what was, and was not, permitted under the agreement. *Waddell Affidavit*, attached hereto as Exhibit "1". Waddell acknowledges that Judge Platkin ultimately determined that the language of the agreement prohibited Waddell from performing any DJ services within a 100 mile radius of Albany, NY.

**Statement No. 7**:    Shortly after execution of the agreement, Conway discovered evidence that Defendant had been unlawfully began performing DJ services in violation of the Restrictive Covenant without Plaintiff's consent.

   **Response No. 7**:    Disputed in Part. The Defendant has no way of knowing what the Plaintiff claims to have discovered or when. However, to the extent that this allegation suggests or implies that the Defendant has ever done anything with the intent to injure the Plaintiff or his property, the Defendant completely disputes such allegation or implication.

**Statement No. 8**:    On or about November 2007, Conway commenced a lawsuit against the Defendant in the Albany County Supreme Court seeking to enjoin Defendant's unlawful conduct, and to otherwise enforce the terms of the restrictive covenant.

   **Response to No. 8**:    Undisputed.

**Statement No. 9**:    On or about December 14, 2007, the Honorable Richard M. Platkin issued a decision finding in favor of Conway and temporarily enjoining Defendant from continuing to perform DJ services in contravention of the parties' Restrictive Covenant.

   **Response to No. 9**:    Undisputed.

**Statement No. 10**:    After some discovery, on December 23, 2008, Plaintiff moved by Order to Show Cause for an Order of Contempt against Defendant based on evidence that Plaintiff had gathered proving Defendant, on multiple occasions, performed DJ services in violation of the Temporary Injunction.

   **Response to No. 10**:    Undisputed.

**Statement No. 11**:    On or about April 22, 2009, Judge Platkin issued a decision granting Conway's motion finding Defendant in Contempt for eight separate violations of the Court's December 13, 2007 Preliminary Injunction.

   **Response to No. 11**:    Undisputed.

**Statement No. 12**:    Following this decision, on December 3, 2009, the parties entered into an agreement which, among other things, imposed a permanent injunction on Defendant with regards to any violations of the Restrictive Covenant. This permanent injunction agreement was So Ordered by the Honorable Richard M. Platkin.

**Response to No. 12**: Undisputed.

**Statement No. 13**: After execution of the Injunction Agreement, in September 2010, Plaintiff moved for a judgment of civil and/or criminal contempt against Defendant based on evidence that Defendant was continuing to perform DJ services and willfully violating the Injunction.

Response to No. 13:   Undisputed.

**Statement No. 14**: Defendant did not tile or serve any affidavit in opposition to the motion nor did he submit any documentation contesting the facts alleged in the motion.

**Response to No. 14**:   Undisputed.

**Statement No. 15**: A hearing to resolve the motion was held on January 6, 2011.

**Response to No. 15**:   Undisputed.

**Statement No. 16**: At this hearing the parties, each represented by counsel, agreed to a resolution of the motion.

**Response to No. 16**:   Undisputed.

**Statement No. 17**: As part of the settlement, Defendant, under oath, admitted to performing as a DJ at a wedding in July 2010 in violation of the Injunction.

**Response to No. 17**:   Undisputed.

**Statement No. 18**: As a result, a Contempt Judgment was entered against Defendant on January 11, 2012.

**Response to No. 18**:   Undisputed.

**Statement No. 19**: Plaintiff moved again in June 2012 for a civil and/or criminal contempt judgment against Defendant based on further evidence that Defendant was willfully violating the Injunction by continuing to perform DJ services

**Response to No. 19**: Undisputed.

**Statement No. 20**: Defendant did not file any affidavit in opposition to this June 2012 contempt motion, nor did he attempt in any way to oppose Plaintiffs allegations that he willfully and unjustifiably performed DJ services in violation of the Injunction.

**Response to No. 20**:   Undisputed.

**Statement No. 21**: By Decision and Order dated September 4, 2012, Judge Platkin found that the Defendant willfully violated the terms of the Injunction, that the Defendant

"prejudiced the rights of [Plaintiff]," and fined the Defendant as a result of his contemptuous conduct in the amount of $15,000.00, which fine was made payable to Plaintiff.

**Response to No. 21**:   Undisputed.

**Statement No. 22**:   The Contempt Order was served with Notice of Entry upon the Defendant on September 11, 2012.

**Response to No. 22**:   Undisputed.

**Statement No. 23**:   The Defendant has not appealed the Contempt Order.

**Response to No. 23**:   Undisputed.

**Statement No. 24**:   The Defendant has not paid all or any part of the September 4, 2012 Contempt Order, such that the full Judgment of $15,000.00 remains due and owing Conway.

**Response to No. 24**:   Undisputed that no amount of the Judgment has been paid to date, and that subject to applicable bankruptcy law, such amount remains due and owing.

**Statement No. 25**:   In connection with his Petition, the Debtor filed various schedules of assets and liabilities, including a Schedule of Creditors Holding Unsecured Claims.

**Response to No. 25**:   Undisputed.

**Statement No. 26**:   Schedule F includes Conway as a creditor having an unsecured claim in the amount of $15,000.

**Response to No. 26:**   Undisputed.

**Statement No. 27**:   The Debtor lists the debt on Schedule F as "Civil Contempt Fine."

**Response to No. 27**:   Undisputed.

Dated: April 17, 2013

TULLY RINCKEY PLLC

_____
Robert J. Rock, Esq.
441 New Karner Road
Albany, NY 12205
Tel: (518) 218-7100
Attorneys for Defendant